IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-01056-GPG

JOSE MAZARIEGOS-GODINEZ,

 Petitioner,

v.

GEORGE VALDEZ, Acting Director, Denver Field Office, U.S. Immigrations and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity, and
JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,

 Respondents.

---

**ORDER**

---

Before the Court is a Petition for Writ of Habeas Corpus (D. 1). The Court GRANTS the petition for the following reasons.

**I. FACTS**

Petitioner Jose Mazariegos-Godinez is a 21-year-old citizen and national of Guatemala who entered the U.S. on or about October 17, 2024 (D. 1 at ¶ 1–2). Upon Petitioner's arrival, Immigration and Customs Enforcement (ICE) placed him in expedited removal proceedings under 8 U.S.C. § 1225(b) and charged him with being inadmissible to the U.S. under 8 U.S.C. § 1182(a)(7)(A)(i)(I) (*id.* at ¶ 3; D. 7-1). While in custody, Petitioner claimed credible fear of

1

returning to Guatemala due to his sexual orientation (*see* D. 1-2).  On October 31, 2024, U.S. Citizenship and Immigration Services (USCIS) conducted an interview and determined that Petitioner established a credible fear of persecution (*id.* at 25–26).

On November 5, 2024, ICE issued Petitioner a Notice to Appear (NTA) for his removal proceedings (D. 1-1), and Petitioner appeared before an immigration judge (IJ) on December 3, 2024 (D. 6-1 at ¶ 14).  Subsequently, Respondents released Petitioner on parole for a period of one year[1] under 8 U.S.C. § 1182(d)(5)(A) (D. 1-3 at 2).  After his release, Petitioner moved to Colorado and married a U.S. citizen, who has filed a Form I-130, Petition for Alien Relative, on behalf of Petitioner (D. 1-4).  In June 2025, Petitioner filed a Form I-589, Application for Asylum and Withholding of Removal, which an IJ pretermitted[2] on January 8, 2026 (D. 1 at ¶ 4; D. 6-1 at ¶¶ 17, 23).

On August 6, 2025, ICE officers encountered Petitioner at the El Paso County jail after he had been arrested for domestic violence (D. 6-1 at ¶ 18).  The same day, ICE revoked Petitioner's parole and arrested and detained him pending resolution of his removal proceedings (*id.* at ¶ 19). Petitioner's domestic violence charges have since been dismissed (D. 7-4), and his removal proceedings remain ongoing (*see* D. 22).  Petitioner challenges his continued detention as violating

---

[1] It appears that the one-year parole period has now expired.  Unbriefed is the issue of whether the Court would have jurisdiction to order an extension of that time-period.  Logically, parole decisions would appear to encompass extension of expiring parole periods and this Court would be statutorily precluded from exercising discretion.

[2] This means the IJ dismissed Petitioner's asylum application without a full evidentiary hearing because the IJ found he failed to establish eligibility for relief or protection.

his due process rights under the Fifth Amendment to the U.S. Constitution and 8 U.S.C. § 1226(a) (D. 1).

## II.  LEGAL STANDARD

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States."  28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful.  *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.  ANALYSIS

The Court understands the Petition for Writ of Habeas Corpus as challenging both Respondents' refusal to grant Petitioner a bond hearing or release and Respondents' revocation of his parole.  Petitioner argues that because he was paroled into the country under 8 § 1182(d)(5)(A) and is no longer an "arriving noncitizen," he is subject to discretionary detention under 8 U.S.C. § 1226(a) rather than mandatory detention under § 1225(b) (D. 1 at 10–11).  Therefore, he argues, Respondents must provide him with a bond hearing (*id.*).  Petitioner also discusses that while he was arrested for allegations of domestic violence, "mere allegations are insufficient to warrant detention absent due process" (D. 7 at 5).  He appears to argue that for this reason, the charges were an improper basis for revocation of his immigration parole (*see* D. 1 at ¶ 9 ("Petitioner's parole was revoked absent procedural due process")).

To the extent that Petitioner argues he is entitled to a bond hearing or release because, post-termination of his parole, he is subject to discretionary detention under § 1226(a) rather than mandatory detention under § 1225(b), the Court agrees.  Section 1182(d)(5)(A) states that parole granted under the section:

shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

Prior to being granted parole, Petitioner was undisputedly detained pursuant to § 1225(b) (D. 7 at 5; D. 7-1 at 1). However, as the Tenth Circuit recently clarified in *Santillan Quiroz v. Mullin,* both §§ 1225(b)(1) and (2) are limited to noncitizens encountered at the border and cannot apply to people "present in the U.S.," whether lawfully or unlawfully. *See* No. 26-6019, 2026 WL 1876709, at *8, 13 (10th Cir. June 30, 2026). Because Petitioner is now present in the United States and has lived here since entering the United States, he is "categorically" ineligible to be detained under § 1225. *See id.* at 7. Therefore, Petitioner is necessarily detained under § 1226(a) and entitled to a bond hearing.

As several other courts in this District have noted, this result does not offend the text of § 1182(d)(5)(A). *See e.g., Capote Zamora v. Mullin,* No. 26-cv 00538-PAB, 2026 WL 1026810 (D. Colo. Apr. 16, 2026); *Khubiev v. Baltasar*, No. 25-CV-03955-STV, 2026 WL 864237 (D. Colo. Mar. 30, 2026); *Africano Pulido v. Baltazar*, No. 26-cv-01818-CNS (D. Colo. May 21, 2026). First, the requirement that an individual "be returned to the custody from which he was paroled" does not require that an individual be returned to the *status* he or she occupied at the time parole was granted. *See Capote Zamora,* 2026 WL 1026810, at *2 ("Section 1182(d)(5)(A) 'does *not* state that a noncitizen is returned to the "status" they held upon their parole, that they revert to status as an "arriving alien," or that they must be detained.'" (quoting *Qasemi v. Francis*, No. 25-CV-10029 (LJL), 2025 WL 3654098, at *10 (S.D.N.Y. Dec. 17, 2025)). Second, the requirement that upon revocation of parole an individual's case "shall continue to be dealt with in the same

4

manner as that of any other applicant for admission" simply means that Petitioner's case shall be considered the same as any other individual "present in the U.S. without having been admitted." *See Santillan Quiroz*, 2026 WL 1876709, at *6 ("By statutory definition, Santillan Quiroz is an applicant for admission because he is present in the United States without having been admitted." (citing 8 U.S.C. § 1225(a)(1))). Section 1226 applies to individuals who have entered and are present in the U.S. without having been admitted. *Id.* at *17 (concluding that petitioner, an applicant for admission not encountered at the border, was detained pursuant to § 1226(a) rather than § 1225(b)). For these reasons, the Court concludes that Petitioner is not subject to mandatory detention under § 1225(b) and is entitled to a bond hearing.

To the extent that Petitioner challenges ICE's decision to revoke his parole and arrest and detain him following his arrest in El Paso, this Court does not have jurisdiction to review that decision. The Immigration and Nationality Act (INA) prohibits this Court from reviewing any "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). "[T]his subchapter" refers to the provisions codified at 8 U.S.C. §§ 1151-1381, which includes § 1182. *See Kucana v. Holder*, 558 U.S. 233, 239 n.3 (2010). Section 1182(d)(5)(A) provides that parole decisions are "in the discretion" of the Secretary of Homeland Security: "The Secretary of Homeland Security may . . . in his discretion parole in the United States . . ." Thus it is clear that the INA commits parole decisions (which includes revocation decisions) to the discretion of the Secretary of Homeland Security and precludes this Court from exercising jurisdiction over such decisions. *See Doe v.*

5

*Noem,* 784 F. Supp. 3d 437, 458 (D. Mass. 2025) (holding that "individual grants or revocations of parole are generally not reviewable" by district courts).

### IV.  CONCLUSION

Accordingly, the Petition for Writ of Habeas Corpus (D. 1) is GRANTED to the extent Petitioner seeks a bond hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest.  *See Batz Barreno*, 2025 WL 3190936, \*3 (holding that the government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence).  Respondents shall provide Petitioner with a bond hearing under § 1226(a) within SEVEN DAYS of receiving notice of this Order and Respondents have the responsibility to ensure that the government applies those burdens and provides a sufficient record for review.  Additionally, Respondents SHALL notify Petitioner and any counsel who has entered an appearance in this action of the date, time, and place of the hearing no less than 24 hours prior to the beginning of the hearing.  Respondents are ENJOINED from denying bond to Petitioner on the basis that Petitioner is detained pursuant to § 1225(b).  Respondents are further ORDERED to file a status report within FIVE DAYS of Petitioner's bond hearing, stating whether Petitioner has been granted bond, and, if Petitioner's request for bond was denied, the reasons for that denial.  Such status update shall also include as an attachment any warrant justifying Petitioner's detention at the time he was detained.

DATED July 20, 2026.

BY THE COURT:

_____
Gordon P. Gallagher
United States District Judge